140 So. 435

## RAGLAND v. BOARD OF MISSIONS FOR FREEDMEN OF THE PRESBYTERIAN CHURCH.

7 Div. 102.

Supreme Court of Alabama.
March 10, 1932.

Rutherford Lapsley, of Anniston, for appellant.

**326**

Bibb, Field & Woolf, of Anniston, for appellee.

GARDNER, J.

Complainant purchased from one Adair lot 13, block 14, in the city of Anniston for the sum of $1,600, which was paid. The lot was subject to a vendor's lien for the unpaid balance of $186.58, which Adair agreed to pay out of the $1,600 check which was by him deposited in the bank at Anniston on November 24, 1926. Adair had previously purchased another lot (lot 1, block 424), and assumed the payment of the balance due of $157.50, for security of which there was a vendor's lien. This latter lot (lot 1, block 424) was acquired by the defendant under circumstances to charge it with constructive notice of said lien.

On November 24, 1926, the day Adair deposited the $1,600 paid him by complainant as purchase price of lot 13, block 14, he paid out of said sum by checks an aggregate of $351.33, and among those sums was that of $157.50, the unpaid balance due on lot 1, block 424. Adair did not pay the balance due on complainant's lot 13 ($186.58), complainant having the same to pay, and the bill seeks to have complainant subrogated to the enforcement of the vendor's lien on lot 1, block 424, because the $157.50 paid by Adair was out of the $1,600 purchase price paid him by complainant on lot 13.

The cause was tried upon an agreed statement of facts, upon a consideration of which the chancellor denied relief, and we think correctly so. The $157.50 paid by Adair on lot 1 was without the knowledge or consent of complainant and without any agreement with the holder of the vendor's lien as to any transfer thereof to complainant.

Complainant's counsel argue upon the assumption that the $157.50 was paid with his money and as if paid by himself. But, when he paid Adair the $1,600, it became the property of Adair, and in a legal sense, though a part of the $1,600 check, it was not the money of complainant. There was no element of a resulting trust. Phillips v. Phillips, 223 Ala. 475, 136 So. 785; De Freese v. Vanderford, 220 Ala. 360, 125 So. 228; Rudulph v. Burgin, 219 Ala. 461, 122 So. 432; Tilford v. Torrey, 53 Ala. 120.

In Cotton v. Dacy (C. C.) 61 F. 481, cited by appellant, the money was that of complainant in the hands of his agents, which is quite a different case from that here presented.

■ There are known to the law two kinds of subrogation—legal and conventional. "Legal subrogation arises by operation of law where one having a liability or a right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid." 25 R. C. L. p. 1312. Complainant's case is not brought within the influence of this doctrine. He not only did not pay any debt or obligation, but he bore no relation whatever to lot 1, block 424, or the vendor's lien thereon, and was in no manner called upon to pay the same in protection of any of his rights. Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220; Faulk v. Calloway, 123 Ala. 325, 26 So. 504; Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 So. 169.

■ "Conventional subrogation depends upon a lawful contract, and occurs where one having no interest in or relation to the matter pays the debt of another, and by agreement is entitled to the securities and rights of the creditors so paid." 25 R. C. L. p. 1312. No case of conventional subrogation is made out. There was no agreement of any character with any one, either express or implied, that Adair should pay the balance due on lot 1, block 424. Adair merely paid it of his own accord, without the knowledge of complainant, out of the purchase money he had received for lot 13, and breached his agreement with complainant in failing to pay the balance due on lot 13. This is the whole case. It falls far short of establishing a conventional subrogation, as we think the citation of some of our authorities will suffice to demonstrate. Shaddix v. National Surety Co., supra; Faulk v. Calloway, supra; Bell v. Bell, 174 Ala. 446, 56 So. 926, 37 L. R. A. (N. S.) 1203; Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948; Pettus v. McKinney, 74 Ala. 108.

■ The bill alleged complainant's right of subrogation by way of conclusion, and was doubtless subject to demurrer.

■ The fact that no demurrer was interposed does not affect the correctness of the decree rendered. As stated in Cummings v. Vann, 15 Ala. 488, 111 So. 229, 230: "The rule is that, where pleading and proof make no case for equitable relief, the bill should be dismissed, although the equity of the bill was not questioned by demurrer."

The decree is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.