5 So.2d 769

## MURPHY v. MAY.

3 Div. 358.

Supreme Court of Alabama.

Jan. 22, 1942.

248

Ball & Ball, of Montgomery, for appellant.

Walter J. Knabe and Jack Crenshaw, both of Montgomery, for appellee.

FOSTER, Justice.

The question here involved is the right of a distributee (complainant) of the estate of a decedent to an equitable assignment of an encumbrance upon an item of personal property in which he inherited an undivided one-half interest, and the mother and brothers of decedent inherited the other one-half interest, when the complainant has since the death of its owner paid off and discharged the lien by the use of his own funds.

The complainant was the husband of decedent who left no children surviving. He took an one-half interest in the personal property under section 7376, Code of 1923, Code of 1940, Title 16, section 12, but subject to the right of the administrator to recover it in a suit at law if necessary to apply it to the payment of debts. Stramler v. Holman, 234 Ala. 36, 173 So. 377.

This suit originated in a detinue action by the administrator against complainant, and he caused its removal to obtain the benefit of an equitable assignment of the lien or subrogation to it. Upon its removal he filed the bill to which demurrer was overruled. The simple question is whether the equitable principle applies. The transaction occurred prior to the Code of 1940 (though not changed by it), and therefore applicable sections of the Code of 1923 are controlling. Section 8937, Code of 1923, Code of 1940, Title 33, section 3, seems to be directly in point in support of complainant's contention, and is an extension of a well known equitable principle. Salter v. Odom, 240 Ala. 462, 199 So. 687; Bradley v. Bentley, 231 Ala. 28, 163 So. 351.

It is also true that section 9553, Code of 1923, Code of 1940, Title 9, section 87, has application here. Since this complainant was not a debtor liable for the debt, but since that debt was owing by the decedent, and since property in which complainant acquired an interest by inheritance was liable for its payment, the

effect was to make complainant an unconventional surety for the debt and entitled to subrogation under that statute, and general equitable principles. To be a surety thus protected, complainant need not be a conventional surety, but may be one by equitable construction. Hall v. Hall, 241 Ala. 397, 2 So.2d 908(12); Bradley v. Bentley, 231 Ala. 28, 163 So. 351; Hawkins v. Holman, 239 Ala. 541(3), 195 So. 880; Thomas v. St. Paul's M. E. Church, 86 Ala. 138, 141, 5 So. 508, 509.

The equity of the bill is well founded and the demurrer was properly overruled.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.