46 So.2d 198

**GAUTNEY v. GAUTNEY et al.**

**8 Div. 519.**

Supreme Court of Alabama.

May 4, 1950.

Wm. F. Baker, of Florence, for appellant.

STAKELY, Justice.

The bill of complaint in this cause was filed by O. A. Gautney against H. L. Gautney and wife Florence Gautney, Mattie Trousdale, Katherine Ellen Trousdale Cooke, Albert Johnson Trousdale, Preston Simpson Trousdale and Mattie Trousdale as administratrix of the estate of A. J. Trousdale, deceased. The bill of complaint sought to foreclose a mortgage executed to the complainant by H. L. Gautney and wife Florence Gautney on January 3, 1929, to secure an indebtedness of $1500 on certain lands described in the bill of complaint. The bill further alleged that the respondents Mattie Trousdale, Katherine Ellen Trousdale Cooke, Albert Johnson Trousdale and Preston Simpson Trousdale claim or are reputed to claim some right, title, interest in or encumbrance upon the lands described in the bill. The bill prays that the named respondents be required to set forth and specify any title or claim to or interest in or encumbrance upon the lands described. The bill further prays for a decree foreclosing the mortgage and directing a sale of the property.

The respondents filed an answer and cross-bill and alleged that on the 28th day of December, 1922 complainant was the owner of the lands described in the bill of complaint and that he executed a mortgage on the lands to Rosa Belle Watson for the sum of $2100, that H. L. Gautney on the 28th day of December, 1928 purchased the property from O. A. Gautney, the complainant, for $6500, that H. L. Gautney paid O A. Gautney $2500 in cash and that H. L. Gautney and his wife on the 28th of December, 1928 executed a mortgage to A. J. Trousdale on the said lands for $2500, which money was used to pay the mortgage from O. A. Gautney to Rosa Belle Watson, H. L. Gautney having assumed and agreed to pay the mortgage to Rosa Belle Watson as part of the consideration of the purchase price of the land. It is further alleged that O. A. Gautney knew and understood at the time he conveyed the lands to H. L. Gautney that H. L. Gautney would borrow money from A. J. Trousdale and pay the mortgage to Rosa Belle Watson. Respondents further alleged that H. L. Gautney executed

Bradshaw & Barnett, of Florence, for appellees.

a second mortgage on the lands to O. A. Gautney for $1500, it being alleged that this mortgage was second and subject to the lien of the mortgage executed by H. L. Gautney to A. J. Trousdale, which fact was well known and understood by O. A. Gautney when he sold the land and when he received the mortgage from H. L. Gautney.

The respondents further alleged that A. J. Trousdale died intestate and that they are the widow, the administratrix and the heirs at law of A. J. Trousdale, deceased. It is further alleged that on the 27th day of January, 1932 they foreclosed the mortgage made to A. J. Trousdale and from that time have been in the actual, open, notorious and adverse possession of the property claiming to own the same in their own right and not recognizing any right, title or claim of any other person whatsoever. It is further alleged that O. A. Gautney did not claim any interest by reason of his alleged mortgage or otherwise until he was requested to sign a quit claim deed because of an incorrect description of the property in the record of the mortgage in the probate office, the original of the mortgage having been lost. It is further alleged that foreclosure of the mortgage to complainant is now barred by the foreclosure of the Trousdale mortgage and the failure of complainant to redeem.

The cross-bill prays that the court find that the complainant has no right, title or interest in the property and that the property belongs to Mattie Trousdale, Katherine Ellen Trousdale Cooke, Albert Johnson Trousdale and Preston Simpson Trousdale and that they be subrogated to the rights of the Rosa Belle Watson mortgage.

The complainant, cross-respondent, denied the allegations of the cross bill.

The evidence was taken orally before the court and at this point in the opinion it is sufficient to say that the court found in favor of the respondents, holding in effect not only that the respondents, cross-complainants, were entitled to be subrogated to the Rosa Belle Watson mortgage, but also that the mortgage sought to be foreclosed by the complainant is a second mortgage and subject to the mortgage given by H. L. Gautney and wife to A. J. Trousdale, that

O. A. Gautney to whom the second mortgage was made did not redeem from the foreclosure of the mortgage to A. J. Trousdale within the time required by law and that Mattie Trousdale as the widow and Katherine Ellen Trousdale Cooke, Albert Johnson Trousdale and Preston Simpson Trousdale as the children are the owners of the lands described in the bill of complaint. The appeal here is from this decree.

The court decided that the respondents, cross-complainants, are entitled to be subrogated to the Rosa Belle Watson mortgage but in granting them relief did not apply subrogation but simply concluded from the evidence that complainant's mortgage was a second mortgage to the mortgage made by H. L. Gautney and wife to A. J. Trousdale. Since appellant seems to think that the entire decree is based on error because of the court's idea about subrogation, we shall first examine this feature of the case, although it is clear to us that if complainant's mortgage was subordinate to the Trousdale mortgage, there is no need to apply the principle of subrogation.

There are two kinds of subrogation, (1) legal subrogation which arises by operation of law where one having a liability or fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security of obligation held by the creditor whom he has paid, and (2) conventional subrogation which depends upon a lawful contract. Ragland v. Board of Missions etc., 224 Ala. 325, 140 So. 435; Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220.

Under the Alabama cases to which we shall presently refer the facts in the case at bar present a situation in which a court of equity will grant relief within the principle of legal subrogation to which we have alluded. O. A. Gautney, the complainant, owned the land in question and in 1922 mortgaged it to Rosa Belle Watson for $2100. On December 28, 1928 he sold and conveyed the lands embraced in the mortgage to H. L. Gautney. H. L. Gautney as a part of the purchase price assumed and agreed to pay the indebtedness secured by

the mortgage to Rosa Belle Watson. It was understood and agreed between the parties at the time he purchased the lands from O. A. Gautney that he (H. L. Gautney) would borrow $2500 by giving a mortgage on the property to A. J. Trousdale and with the proceeds of such loan to the extent necessary pay the Rosa Belle Watson mortgage.

On the 2nd day of January, 1929 the check of A. J. Trousdale for the proceeds of this loan was used to the extent necessary in paying the Rosa Belle Watson mortgage. It is obvious that H. L. Gautney became the purchaser of O. A. Gautney's equity of redemption in the land. The principle is well settled that "the purchaser of an equity of redemption upon paying off prior mortgages is subrogated to the rights of the mortgagees paid off, the mortgages paid being considered part of the purchaser's title to the premises." Fidelity & Deposit Co. of Maryland v. Richeson, 213 Ala. 461, 105 So. 193, 194; Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A.L.R. 506; Shields v. Pepper, 218 Ala. 379, 118 So. 549, 550. So when H. L. Gautney purchased from O. A. Gautney and as a part of the purchase price paid off the mortgage to Rosa Belle Watson he became entitled to be subrogated to the rights of Rosa Belle Watson, as mortgagee, since the mortgage so paid is considered as part of H. L. Gautney's title to the premises. "He was not a volunteer merely paying off the debt of another." Shields v. Pepper, supra.

By reason of the conveyance made by the mortgage of H. L. Gautney and wife to A. J. Trousdale, A. J. Trousdale stands in the shoes of H. L. Gautney and the debt secured by the mortgage being unpaid, is entitled to the same rights and to the same protection as H. L. Gautney. Fidelity & Deposit Co. of Maryland v. Richeson, supra; Shields v. Hightower, supra; Shields v. Pepper, supra.

Accordingly the court correctly held that A. J. Trousdale and the respondents, cross-complainants, who hold under him are entitled to be subrogated to the rights of the Rosa Belle Watson mortgage.

But the court did not deem it necessary to apply subrogation because it determined that the mortgage to complainant was subordinate to the mortgage to A. J. Trousdale. The mortgage to A. J. Trousdale was executed on December 28, 1928 and recorded on January 4, 1929 while the mortgage to complainant was executed on January 3, 1929 and recorded on January 9, 1929. Despite the fact that the Trousdale mortgage was first executed, 41 C.J. p. 513, 59 C.J.S., Mortgages, § 218, we should examine the transaction closely because the mortgage to complainant was a purchase money mortgage and nothing to the contrary appearing is to be treated as a continuation or substitute for the original security of a vendor's lien. City Realty & Mortgage Co. v. Tallapoosa Lumber Co., 231 Ala. 238, 164 So. 55.

Tendencies of the evidence show that it was the understanding of the parties that the mortgage to O. A. Gautney would be subordinate to the mortgage to A. J. Trousdale. For example we quote from the testimony of H. L. Gautney as follows:

"Q. Well, your best judgment, was it one day or several? A. Well, he deeded the land to me first, I made the mortgage to Trousdale, then after we got that settled, I give him the mortgage. He knew when I give Trousdale the mortgage it would be a first mortgage.

"Q. How much did that amount to? A. I don't remember now, but I got it paid down to the second mortgage I gave for $1500.

"Q. You keep saying 'second mortgage'? A. He knew that it was a second mortgage.

"Q. Mr. Tays wasn't told to write a second mortgage? A. Yes, I told him to and O. A. agreed.

"Q. Did you hear him say that? A. Yes, that was the contract; he told him himself that he would take a second mortgage for his $1500.00; said the other would be first.

"Q. Don't you know there wasn't anything said about the thing other than at the time you knew this mortgage you gave him was for the balance of the purchase price? A. Yes, and he agreed that it was a second mortgage. * * *."

■ There is no doubt that priority as between the Trousdale mortgage and the mortgage to complainant could be determined by agreement. 59 C.J.S., Mortgages § 218, p. 287; 36 Am.Jur. p. 804; Jones on Mortgages, Vol. I, Sec. 742, p. 1103.

The appellant insists that the Trousdales cannot have title to all the lands described in the mortgage which the appellant seeks to foreclose because 40 acres of these lands is not included in the mortgage through which they derive their title. This is true respecting the Trousdale mortgage as it is recorded in the probate court. The 40 acres, however, are included in the notice which was published when the mortgage was foreclosed and these 40 acres are also included in the foreclosure deed which was executed after the foreclosure sale. The original mortgage was lost, but the proof tended to show that the 40 acres were included in the original mortgage, or in other words that there was error in this respect in the recordation of the mortgage. 45 Am. Jur. p. 423. The attorney who foreclosed the Trousdale mortgage testified that the description contained in the foreclosure deed was taken from the original mortgage when he had possession of it for foreclosure.

■ As stated at the outset the witnesses testified orally before the court and the court found that the mortgage to complainant was a second mortgage and that the Trousdale mortgage contained all the lands embraced in complainant's mortgage. We cannot say that these findings are palpably wrong. So the decree of the court will not be disturbed. Berry v. Howell, 242 Ala. 138, 5 So.2d 405; Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555.

The mortgage to A. J. Trousdale was foreclosed on January 27, 1932. The court correctly decreed that the right of O. A. Gautney to redeem is barred and that the widow and heirs of A. J. Trousdale are now the owners of the property including the 40 acres to which we have referred.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.