73 So.2d 355

### HOLDER et ux. v. BROOKS.

### 8 Div. 760.

Supreme Court of Alabama.

June 17, 1954.

H. H. Conway, Albertville, for appellants.

Clark E. Johnson, Jr., Albertville, for appellee.

MERRILL, Justice.

Plaintiffs, C. R. Holder and wife, sued on a promissary note and defendant having filed several pleas, the cause came on for trial. Plaintiffs offered the note in evidence while their first witness was on the stand and the court sustained objections to its introduction. Plaintiffs amended the complaint and the court again sustained objections of defendant, whereupon plaintiffs took a non-suit on the adverse ruling of the court and appealed to this court.

The amended count reads:

"The plaintiff claims of the defendant the sum of $1019.44 due by promissory note made by him on the 23rd day of April, 1951, and made payable on the 23rd day of February, 1952, to The Glidden Company by whom the said note for value transferred in writing, by endorsement by the Vice-President of said Glidden Company, to plaintiff on the 5th day of Feb. 1953 and plaintiffs aver that they are the owner of said note with the interest thereon is still unpaid and that defendant waived all his right to claim exemption as to personal property in said note and plaintiff claims the benefit of said waiver of exemption."

The note was dated April 23, 1951, and the promise was to pay $1019.44 to The Glidden Company on the 23rd day of February, 1952, and was signed by O. E. Brooks and C. R. Holder.

The assignment of the note reads:

"For value received, The Glidden Company, an Ohio corporation, 1396 Union Commerce Building, Cleveland, Ohio, by J. A. Peters, its Vice President, hereby assigns and transfers the attached note, dated April 23, 1951, in the amount of $1019.44, due on February 23, 1952 to The Glidden Company, payee, and signed by C. R. Holder and O. E. Brooks, together with all its right, title and interest therein to C. R. Holder and Ester Holder, Sand Mountain Broiler Farm, Albertville, Alabama, without recourse. Said note has been discharged by payment from C. R. Holder to The Glidden Company. Dated this 20th day of May, 1952.

"The Glidden Company
"By /s/ J. A. Peters
"Vice President
"(SEAL)"

If the note as introduced in evidence had conformed to the description set out in the complaint and was not otherwise subject to objection, there would be no error in permitting it to be introduced.

But the note here is not such as there decribed in that, instead of being executed by the defendant, it was executed by both the defendant and one of the plaintiffs. The material difference is between an instrument alleged to have been executed by the defendant and one executed both by defendant and one of the plaintiffs.

The assignment clearly shows that it is made to one of the makers of the note and another and also recites, "Said note has been discharged by payment from C. R. Holder (one of the assignees and one of the makers) to The Glidden Company."

In order for plaintiff to have the benefit of §§ 77 and 78, Title 9, Code of 1940, it is necessary for the complaint to

show that the plaintiff, C. R. Holder, and the defendant were joint makers of the note and therefore each was surety of the other to the extent of the share of the other. § 77, Title 9, Code of 1940. In order to be subrogated under § 78, supra, that allegation should be made in the complaint. Without the benefit of §§ 77 and 78, the right of subrogation would be equitable and not available at law. Thrasher v. Neely, 196 Ala. 576, 72 So. 115; Anniston Banking & Loan Co. v. Green, 197 Ala. 567, 73 So. 81; Bradley v. Bentley, 231 Ala. 28, 163 So. 351; 40 Am.Jur., Payment, § 152. Contribution by one joint debtor is available at law or in equity. Scott v. McGriff, 222 Ala. 344, 132 So. 177. But it must be predicated on sufficient averment.

There is also statutory subrogation in favor of the surety who pays the judgment against him and the principal under § 101, Title 9, Code of 1940. It has been clearly held that in order to obtain the benefits of subrogation as to a judgment at law, the statute must be strictly observed. Hogan v. Reynolds, 21 Ala. 56; Preslar v. Stallworth, 37 Ala. 402; Blackman v. Joiner, 81 Ala. 344, 1 So. 851.

Therefore, in the instant case the plaintiff, to have the benefit of subrogation as a surety either in whole or in part or as a joint maker of the note, must make the allegation required by §§ 77 and 78, supra; and when the evidence shows that it is a joint note and therefore each is presumably a surety of the other to the extent of one-half interest, that status is not sufficient to satisfy a complaint based merely on a note executed by the defendant, which has been assigned to the plaintiff. That is distinctly true with respect to an assignment which expressly declares that the note has been discharged by payment in full.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.