**ALTEC, INC., Appellant,**

v.

**FWD CORPORATION, Appellee.**

No. 25530.

United States Court of Appeals
Fifth Circuit.
Aug. 21, 1968.

John H. Morrow, Birmingham, Ala., for appellant; Bradley, Arant, Rose & White, Birmingham, Ala., of counsel.

Bibb Allen, Birmingham, Ala., for appellee; London, Yancey, Clark & Allen, Birmingham, Ala., of counsel.

Before JOHN R. BROWN, Chief Judge BELL, Circuit Judge, and HOOPER, District Judge.

JOHN R. BROWN, Chief Judge:

As pressed on us now the question in this case is one which is simply stated: May a seller of a motor vehicle who is liable under implied warranty to its purchaser for damage to the vehicle resulting solely from a defect in the vehicle, recover from the negligent manufacturer the amount of such damages the seller has voluntarily expended without suit or prior adjudication of such warranty liability? We say now pressed on us, for the District Court did not either face up to or answer this question. Rather, the Judge followed the will-of-the-wisp of title and concluding that title was in the purchaser, held that the seller could not recover despite unassailed findings of defects due to the manufacturer's negligence. To permit determination of that Alabama-*Erie* problem by the Trial Court we vacate the judgment and remand for further proceedings.

The facts of the case are likewise simple. They involve a negligent Manufacturer—FWD, an innocent Seller—Altec, and an innocent Purchaser—City of Gainesville. FWD through its distributor sold a negligently manufactured truck to Altec, who installed special utility hydraulic derrick equipment, and pursuant to a sale of a completed, altered vehicle delivered it to the City of Gainesville, the Purchaser. Employees of Purchaser took possession of the vehicle at Altec's plant and proceeded to Gainesville. En route the truck left the road due to a defective steering mechanism, turned over and was heavily damaged.

As this followed closely on the heels of like steering difficulty about a day be-

fore delivery with all parties assuming that repairs had been satisfactorily performed, this wreck convoked extended investigation into the probable cause. The councils of war included representatives of Seller, experts of Manufacturer as well as representatives of repairer.[1] This investigation soon revealed, as the Judge, with ample basis passing muster easily under F.R.Civ.P. 52(a) was later to find that the wreck and ensuing damage was due "solely" to "a defect in the steering mechanism" which "was caused by the negligence of the [Manufacturer] in the manufacture or design" of the vehicle. Additionally, it was to anticipate the Judge's further express declaration with like support that Seller "was not guilty of contributory negligence" and the implied holding that the employees of Purchaser were not negligent in the actual driving of the vehicle.[2]

Although Manufacturer—apparently unmoved by the investigation to admit its basic liability—does not, cannot, now seriously assert that if it is ever pursued timely by one having an ownership in the vehicle it would have any defense on the merits of the claim of negligent defect and usual seller-warranty, that is not what brings about this struggle. This comes about because, as one might *not* expect, Seller, recognizing its common-law and Alabama statutory warranty liability[3] did not deny liability to Purchaser, did not refuse to repair the vehicle, and did not force Purchaser to sue. And therein lies the problem. Seller did none of these things. Instead, it retrieved, repaired, and returned the vehicle. And, judging by the results so far, this was its *mistake*.

We say mistake because had Seller forced Purchaser to sue, to adjudicate its liability, there is no doubt that Seller could have impleaded Manufacturer, or after vouching notice and judg-

---

1. The repairer was exonerated by the District Court and that judgment is not assailed or affected by our disposition.

2. These issues have been fully tried and are not to be retried on remand.

3. Title 57 Alabama Code § 21 (1940). Alabama has now adopted the Uniform Commercial Code which is to the same effect. Title 7A Alabama Code § 2–314 (1966). See Vinyard v. Duck, 1965, 278 Ala. 687, 180 So.2d 522.

ment for Purchaser later sued Manufacturer on one or more of the now prevalent theories of indemnity.[4] Should the result be irretrievably different because Seller admitted liability, recognized its duty, and repaired the vehicle? We emphasize *irretrievably* because, having followed this somewhat strange course in a world of litigious contentiousness —albeit one which the law surrounded itself with overpowering, exploding dockets [5] ought to encourage, not discourage or condemn outright—Seller does have some added burdens as a consequence. In doing so all of the objections urged by Manufacturer will be overcome or at least adequately cared for.

■ Thus, Seller must establish as a legal fact, essential to recovery from Manufacturer, that Seller was legally liable to Purchaser. And since Seller seeks to translate the liability declaration into a money judgment, this burden will include establishing the dollar amount of damage sustained by Purchaser at least to the extent of the amount for which Seller seeks reimbursement. Doing this, Seller overcomes altogether Manufacturer's beguiling assertion that the procedure now followed is unlike the supposed suit by Purchaser against Seller with impleader of Manufacturer, insinuating somehow

that Manufacturer is being cast with no real right to defend.[6] For as to [1] and [3] the liability of Seller to Purchaser is to be litigated as well as the liability of Manufacturer to Seller or Purchaser, or both. As to [2], damages will likewise be proved and [4] being actually a real party at interest problem, F.R.Civ. P. 17(a), the Court has ample powers to protect against double payment, not the least of which would be requiring a complete or partial disclaimer by Purchaser or suitable indemnity by Seller.

The problem then is what to do about this. We are importuned by Seller to declare now that under Alabama law and the Trial Court's findings on culpable negligence (going to defects in the manufacture or design of the vehicle) Seller has a warranty liability to Purchaser and, moreover, Manufacturer has a similar liability (a) to Seller as its immediate vendee from Manufacturer's distributor, and, most likely (b) to Purchaser as one known to be in the chain of exposure.

■ Thus far we agree with Seller. The District Court found every fact necessary to make Seller liable to Purchaser. These include the sale of a vehicle not reasonably fit for its intended use, no contributory negligence by the Purchaser and recognition by Alabama of the

---

4. See F.R.Civ.P. 14(a); General Dynamics Corp. v. Adams, 5 Cir., 1965, 340 F.2d 271, 277–281; Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 5 Cir., 1958, 258 F.2d 277, 284–87. As to admiralty, see new F.R.Civ.P. 14(c) and Advisory Committee's Notes, 39 F.R.D. 69, 81 (1966). Alabama recognizes indemnity, see, American Southern Insurance Co. v. Dime Taxi Service, Inc., 1963, 275 Ala. 51, 151 So.2d 783, 4 A.L.R.3d 611; Mallory S. S. Co. v. Druhan, 1920, 17 Ala.App. 365, 84 So. 874; and City of Birmingham v. Trammell, 1958, 267 Ala. 245, 101 So.2d 259, resting wholly on subrogation is not to the contrary.

5. Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731, n.22; Allen v. Johnson, 5 Cir., 1968, 391 F.2d 527, 529, n. 6 (en banc).

6. The brief of manufacturer capsulates it this way:
"The difference in the instant case and the above suggestions we submit is quite apparent. [1.] All issues would have been litigated where all three parties are before the Court. In the instant case nothing is litigated except questions between Altec and FWD. [2.] The City of Gainesville would have proved all of its damages (or later be barred). In the instant case the City didn't have a chance to prove any damages. [3.] The City would have proved its right to recover under an implied warranty against Altec. In the instant case no such proof appears. [4.] FWD would be protected by the judgments where all parties were before the Court. In the instant case there is nothing to keep the City of Gainesville from suing FWD right now."

implied sales warranty.[7] And to these may be added the Court's articulate determination through amended findings that Seller incurred expenses of $7,046.-88 all of which impliedly constituted Purchaser's damages as well. We therefore hold, as a matter of law, that Seller was liable to Purchaser for breach of the implied warranty of fitness. It likewise follows that Manufacturer was liable to Purchaser under the Manufacturer's Liability Doctrine[8] which Alabama recognizes.[9]

■ But we cannot, at this stage, go the next and final step to direct rendition of judgment against Manufacturer for these damages. For—without even so much as intimating a possible whisper of a suggestion of the conclusion required—strong as are the indemnity-subrogation claims-over, this is to ignore our limited role and to deprecate to the point of extinction the vital role of the District Court. For the simple truth is, that so mesmerized did the Judge's gaze apparently become on the elusive game of "Title, title, who's got the title?" that he wholly failed to make either express findings on any critical facts or conclusions of law on this very precise legal issue of claims-over.

But this is the trial court's function. This was a legal issue—indeed the key issue—not really tried and certainly not adjudicated.[10] It is not for us on our own to explore Alabama law on a record which may well be quite deficient on critical facts which would tip the scale one way or the other.

This means that the case must go back for a further limited retrial. The Court must determine for Alabama whether payment or reimbursement by Seller without compelling Purchaser to get a judgment declaring a liability now judicially determined to exist on the record between Seller and Manufacturer alters or affects Seller's right of recoupment (on subrogation, indemnity or otherwise) from the really culpable party, (Manufacturer). Much has been litigated and factually little remains.[11]

But judgment—that precious consummation of the ordeal of trial—is yet to come, yet to come on matters of concern to Alabama and for which Alabama trained Judges are certainly the best starting place.

Affirmed in part; reversed and remanded in part.

HOOPER, District Judge (concurring).

I concur in the result reached by the two Circuit Court Judges with whom I have the honor to sit in this case, but I can not concur in all that is said in the opinion.

Simply stated, and omitting all matters which in my opinion are not necessary to a decision in this case, I base my concurrence on the following:

FWD Corporation, a manufacturer, made and sold the vehicle in question through a distributor to Altec, Inc., the plaintiff in the instant case. At the time of this sale, as found by the District Judge, there was a defect in the vehicle concerning its steering. Although

---

7. See note 3 supra.

8. Indeed, Manufacturer candidly admits in its brief:
   "The only duty that FWD owed to Altec was the same duty it owed to the City of Gainesville under the manufacturer's liability doctrine."
   Brief for Manufacturer, at 17

9. Crane Co. v. Davies, 1942, 242 Ala. 570, 8 So.2d 196.

10. The Court did allow a post-trial amendment to the complaint setting forth in

pleadings this theory but the Judge simultaneously declined to amend conclusions either to recognize or reject it.

11. See notes 1 and 2, supra. The happening of the occurrence, the existence of the defect as the cause, the sole negligence of Manufacturer therefor, and the warranty liability of Seller to Purchaser and Manufacturer to Purchaser are all foreclosed.

sold by Altec to the City of Gainesville, Florida, f. o. b. Gainesville, Altec delivered it to employees of the City of Gainesville and they, while en route to that city, suffered an accident due to the defective steering. Altec, no doubt realizing its liability to the City of Gainesville to deliver to it a vehicle reasonably fit for its intended use (pursuant to Title 57 Alabama Code, § 21) then took back the damaged vehicle and repaired it at an expense of $7,046.88, as found by the District Judge. Altec then again delivered the vehicle to the City of Gainesville and received payment pursuant to its preexisting contract of sale.

The case was tried in the District Court upon different contentions than those relied upon after findings of fact, conclusions of law and final judgment were entered by the trial judge. The complaint does not make it clear whether plaintiff is relying upon the theory of implied warranty, or negligence, as both are incorporated. Negligence, however, was definitely charged against FWD, the manufacturer, and was found to exist by the trial judge. The trial judge decided the case as being an action under an implied warranty, and in doing so apparently was taking the stronger of two theories at which plaintiff had hinted. He found against plaintiff on that theory, however, because he found that Altec, the party suing for damages, was not the owner of the vehicle when the damages occurred. Appellant in its brief now virtually concedes that the judge was correct in that finding, or at least is willing to abandon any contention that title was in Altec at the time of the accident.[1] Altec asserted in its brief that it had sufficient right to recover for its loss under conventional concepts of indemnity or subrogation. That contention, however, was not made before the trial court until after judgment rendered. The trial judge after allowing certain amendments to meet the evidence in the case, refused to change his judgment or to grant a new trial. While there is a serious question in my mind as to whether there was any duty on the trial judge, after rendering judgment, to reopen the case and decide it on a different theory, in the interest of justice I am going along with my distinguished brethren, as the District Judge did see fit to allow some amendments to the pleadings. I feel fairly confident, however, that had the case been originally tried in the District Court on the contentions now belatedly offered to this Court, there would have been different findings of fact and different conclusions of law made by the trial court.

Because of the fact that Altec was under the law bound to deliver to the City of Gainesville a vehicle that was merchantable, and because it was unable to do so because of defects attributable to FWD, the damages suffered by Altec under the theory of subrogation would be the same whether the accident occurred before delivery, or after delivery, of the vehicle to the City of Gainesville. In either event FWD had breached its implied warranty, resulting in the amount of damages found by the trial judge, and the only question left open is whether or not under Alabama law Altec had the right to suffer the expenses to comply with its contract with the City of Gainesville, then sue FWD on its breach of warranty "without suit or prior adjudication of such warranty liability."

1. Brief of appellant after reciting that the trial "was fought on two fronts", first, whether the f. o. b. Gainesville provision in the contract retained title in Altec until delivery, and secondly, if title had passed, did Altec have the right to recover from FWD, stated the following: "Mindful of that authority that holds passage of title to be a mixed question of law and fact, and considering it unnecessary and unwise to meet the trial judge headon about a finding of fact, Altec does not raise the f. o. b. or title question on this appeal."