**In re Edward CAULEY, Mary E. Cauley, Debtors.**

**Kermit TANTON, Trustee in Bankruptcy of Edward Cauley and Mary E. Cauley, Plaintiff,**

v.

**MORGAN DISTRIBUTING COMPANY, INC., Defendant.**

**Adv. No. 85–0020.**

United States Bankruptcy Court, M.D. Alabama, S.D.

April 18, 1985.

Barry Bledsoe, Dothan, Ala., for Trustee Kermit Tanton.

Mark Vaughan, Elba, Ala., for debtors.

John B. Givhan, Harold Albritton, Andalusia, Ala., for defendant.

## OPINION ON COMPLAINT TO SET ASIDE A PREFERENTIAL TRANSFER

RODNEY R. STEELE, Bankruptcy Judge.

### STATEMENT OF FACTS

(1) On or about December 6, 1984, Edward and Mary Cauley filed a Chapter 7 bankruptcy petition with this court. At the Section 341(a) hearing, the debtor-husband (Cauley) testified that he transferred certain equipment to Morgan Distributing Company, Inc. (Morgan), on October 1, 1984. Subsequently, on or about February 27, 1985, the Trustee filed a complaint seeking to set aside this transfer of assets as a preference. Morgan Distributing Company, Inc. (Morgan) was properly served and timely filed an answer on or about March 5, 1985, denying that the transfer of assets pursuant to the bill of sale was a preferential transfer. The parties agree that this case is at issue.

(2) For many years, Morgan had been a supplier for Ed Cauley, d/b/a Cauley's Amoco. Cauley paid his account with Morgan on a weekly basis. However, on October 28, 1983, December 30, 1983, February 24, 1984, March 23, 1984, April 13, 1984, April 19, 1984, and several other dates, Ed Cauley gave Morgan insufficient funds checks to pay for the goods supplied by Morgan. By May, 1984, Ed Cauley owed Morgan $12,744.00.

(3) To pay the debt owed to Morgan, Ed Cauley borrowed $12,744.00 from the First National Bank of the South in Opp, Alabama, on May 4, 1984. This note was co-signed by H.S. Morgan, who at the time was Chief Executive Officer of Morgan Distributing Company, Inc. The proceeds of this loan were paid to Morgan Distributing Company, Inc. in satisfaction of the debt owed by Ed Cauley.

(4) As security for the note, Cauley gave the First National Bank of the South a security interest in the following assets: "All furniture, fixtures, equipment and/or machinery, and inventory of Amoco Service Station located on Highway 52, Kinston, Alabama, together with all additions thereto and all property and items now or hereafter substituted therefor or otherwise acquired in the ordinary course of business. Furniture, fixtures, equipment and machinery included, but not limited to the following: One Master Bilt Freezer Model GT–60–F Serial # 52232, One Sunbeam Ice Maker Model # C80–ABSerial # ZA0141, 3 Compt. S.S. Sink, Oyster Bar, 28 Case Westinghouse Coke Box Serial # 8216918, 48 Case Pepsi Box Model # BW94 Serial # 8414509, One Master Bilt 2 door Cooler VMG–410–90620. 23 Whirlpool Air Conditioner, 23 Hotpoint Air Conditioner TEC MA–120 # 590241 MA 1215B, Shelves, Displays and Inventory. The First National Bank of the South perfected its security interest in the equipment by filing a UCC–1 Financing Statement with the Secretary of State of Alabama on May 7, 1984.

(5) In the Fall of 1984, Ed Cauley became delinquent on the note described above. Subsequently, the bank contacted Mr. H.S. Morgan, co-signer of the note, and advised him that they would be looking to him for payment of the note and would not seek collection by pursuing the equipment in which it had a security interest.

(6) On October 1, 1984, Ed Cauley acknowledged that he could not pay the note to the First National Bank of the South, and he transferred to Morgan Distributing Company, Inc., all of his equipment located at his Amoco station in Kinston, Alabama. At the time of the transfer on October 1, 1984, Ed Cauley was insolvent.

(7) On October 16, 1984, Morgan Distributing Company, Inc., paid off the note by writing a check payable to the Bank in the amount of $12,956.51.

### ISSUE PRESENTED

Whether the transfer of assets evidenced by the bill of sale dated October 1, 1984, from Cauley to Morgan Distributing Company, Inc. was a preferential transfer under Section 547(b) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

Section 547(b) allows the trustee to avoid any transfer of an interest of the debtor in property:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

It is not clear from the facts whether Cauley owed Morgan Distributing a debt at the time of the transfer. If it is assumed that a debt was owed, then all five of the elements of Section 547(b) have been met and the transfer is due to be avoided.

If it is assumed that no debt was owed by Cauley to Morgan Distributing, then the transfer was a gratuity to one, not a creditor, and due to be avoided.

The decision to avoid the transfer in the instant case is reinforced by the fact that while Morgan Distributing Company, Inc. was both the transferee of the property and the payor on the note to the bank; it was not the co-debtor or the guarantor under Alabama law, only the surety who had paid debt can claim rights of subrogation. Alabama Code (1975), Section 8–3–2,

8–3–5, *Holder v. Brooks*, 261 Ala. 127, 73 So.2d 355 (1954). Any rights of subrogation would have been rights belonging to H.S. Morgan, had he paid the bank. *Bradley v. Bentley*, 231 Ala. 28, 163 So. 351 (1935), Alabama Code (1975) Section 8–3–11.

It is the conclusion of this court that the transfer of certain personalty described above ought to be set aside.

An appropriate order will enter.