I respectfully dissent. I would hold that the trial court erred as a matter of law in granting Hinton Properties' motion for summary judgment. I would do so because the majority's position conflicts with § 8-3-42(1)(a), Code of Alabama 1975:
 "8-3-42. Sureties entitled to summary judgment against principal and between each other.
 "Sureties, whether bound on the contract or instrument with the principal debtor as joint or joint and several obligors or promisors, as accommodation drawers, acceptors or endorsers of a bill of exchange or in any other manner, are entitled to a summary judgment against their principal and between each other, by motion in the circuit court on three days' notice thereof, in the cases, and in the following manner:
"(1) Against the principal debtor:
 "a. When a judgment has been obtained against the surety which he has satisfied, either wholly or in part, for the amount paid and interest; . . ."
Section 8-3-42 provides that a guarantor is entitled to a summary judgment against a primary obligor when a judgment has been obtained against the guarantor, which the guarantor has satisfied in part or in whole, for the amount the guarantor has paid plus interest. This section does not impose as a condition to the recovery the pursuit of collection against the primary obligor by the obligee.
It is clear that although § 8-3-42(1)(a) uses the term "surety," the term includes within its definition, guarantors in the situation in which the Moodys find themselves in this action. "Surety," as the term is used in Title 8, Article 3, Code of Alabama 1975, has been defined to mean one who has been forced to pay a debt that was the primary obligation of another, and which the latter ought to have paid in exoneration of the former. Bradley v. Bentley, 231 Ala. 28, 33, 163 So. 351
(1935). See: City of Birmingham v. Trammel, 267 Ala. 245, 247,101 So.2d 259, 260 (1958).
The evidence reflects that Claridge at Hanover Partners was an Alabama general partnership composed of Claridge at Hanover, Inc. (70%) and Hinton Properties, Inc. (30%). The Moodys, as officers of Claridge at Hanover, personally guaranteed the Bank loan taken out by the partnership, as did Thomas F. Hinton, the president of Hinton Properties, Inc. When the business venture failed, the bank sued the Moodys and Hinton. The Bank entered into a pro tanto release with the Moodys for $228,000, approximately 70% of the remaining balance of the judgment. The Moodys sought to recover the $228,000 from Hinton Properties and Hinton. A summary judgment for $15,493.50, which was not appealed, was entered in favor of the Moodys against Hinton. The trial judge entered a summary *Page 916 
judgment in favor of Hinton Properties, from which the Moodys appeal.
I believe that under § 8-3-42(1)(a) the Moodys, as guarantors of the debt of Claridge at Hanover Partners, are entitled to recover from Hinton Properties, a general partner of Claridge Partners, such sums as they have paid for the benefit of the primary obligor.
I do not agree with the majority that this Court must pretermit a consideration of the application of § 8-3-42 to the facts in this case, because we are bound to decide cases so as to avoid conflict with existing statutes.
The majority has held that "under the clear terms of the guaranty agreement, the Moodys waived any right of subrogation '[u]ntil all indebtedness of [Claridge] to Bank shall have been paid in full even though each indebtedness is in excess of Guarantor's liability hereunder.' " The majority has read the agreement between the Moodys and the Bank to absolve Hinton Properties of its liability to the Moodys. Hinton Properties is neither a party to the Guaranty Agreement, nor has it ever claimed it is a third party beneficiary of the agreement. Thus, Hinton Properties should not be allowed to claim that the Moodys have waived any rights against it.
For the reasons stated above, I respectfully dissent.