ABRAM ANTHONY *vs.* GEORGE W. SLAID & wife.

**A.,** who had agreed with a town to support, for a specified time and for a fixed sum, all the town paupers, in sickness and in health, brought an action against S. for assaulting and beating one of the paupers, whereby A. was put to increased expense for the pauper's cure and support. *Held*, that the action could not be maintained.

SHAW, C. J. The case stated in the plaintiff's declaration is this : He was a contractor for the support of all the poor of

the town of Adams, at a fixed sum per annum, and undertook to support them, in sickness and health, at his own risk : The defendant's wife committed an assault and battery upon one of the town paupers, by means of which he was hurt, and the plaintiff was put to increased expense for his cure and support.

The court of common pleas decided that this action, if the facts alleged in the declaration were proved, could not be maintained ; and exceptions were alleged by the plaintiff. We are of opinion that this decision was right. It is not by means of any natural or legal relation between the plaintiff and the party injured, that the plaintiff sustains any loss by the act of the defendant's wife, but by means of the special contract by which he had undertaken to support the town paupers. The damage is too remote and indirect. If such a principle be admitted, we do not see why the consequence would not follow, as stated in the argument for the defendants, that in a case where an assault is committed, or other injury is done to the person or property of a town pauper, or of an indigent person who becomes a pauper, the town might maintain an action, with a *per quod,* for damages. That there is no precedent for such an action, where there must have been many occasions for bringing it, if maintainable, is a strong argument against it. *Lamb* v. *Stone,* 11 Pick. 527.

*Exceptions overruled.*

*Robinson & Sayles,* for the plaintiff.
*Byington,* for the defendants.