101 So.2d 264

### CITY OF BIRMINGHAM

v.

### John P. CROW.

### 6 Div. 760.

Supreme Court of Alabama.

March 6, 1958.

244

———◆———

Geo. B. Foss, Jr., Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

COLEMAN, Justice.

The City of Birmingham filed suit to recover damages on account of an injury to a police officer employed by the City. The complaint alleges that the police officer, while engaged in the duties of his employment, was injured as the proximate result of the negligence of the defendant in opening the door of an automobile into the path of a motorcycle on which the policeman was riding.

The complaint contains two counts. Count B–2 alleges that as the proximate consequence of defendant's negligence, the plaintiff City was caused for a long period of time to lose the services of said policeman, and under the rules and statutes applicable, the City was required to pay and did pay to said policeman his salary during the time he was injured. The City seeks in this count to recover for the salary paid.

Count C–2 seeks to recover for medical, surgical, and hospital expenses paid by the City for the treatment of said policeman.

The defendant demurred on the ground, among others, that the complaint failed to state a cause of action. The demurrer was sustained and the City took a non-suit and appeals. The rulings of the trial court sustaining the demurrer to each count are assigned severally as error.

Appellant's brief states the purpose of this appeal as follows:

"This appeal is taken to determine the Appellant's right to sue a tortfeasor directly for damages suffered by a municipal corporation due to the négligence of a tortfeasor in injuring one of the municipal corporation's employees."

The question of law involved in this case is the same question this day decided in the cases of City of Birmingham v. Walker, Ala., 101 So.2d 250;[1] City of Birmingham v. Tate, Ala., 101 So.2d 263;[2] City of Birmingham v. Trammell, Ala., 101 So.2d 259;[3] and City of Birmingham v. Jones, Ala., 101 So.2d 263.[4] In those four cases, the City sought to assert its right to recover from the third-party tortfeasor by intervention whereas in this suit the City seeks to recover directly against the third-party tort-feasor.

In the four cases last cited, we held that the City was not subrogated to its employee's right of action against the third-party tort-feasor. The same principles apply here. Likewise, in the instant case, the trial court held that the City could not recover from the third-party tort-feasor and the judgment appealed from is due to be and is affirmed.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.

1. Ante p. 150.

2. Ante p. 216.

3. Post p. 245.

4. Post p. 281.