PER CURIAM.
This appeal, from a judgment based on a jury verdict in favor of the defendant, Alabama Power Company (“Alabama Power”), presents the issue whether the trial court’s jury instruction on “intervening and independent cause” requires a reversal of the judgment and a remand of the cause for a new trial. We hold that it does.
It is undisputed that on November 6, 1985, while Alabama Power employees were replacing a 35-foot utility pole with a 75-foot pole, located on the east side of U.S. Highway 431 south of Eufaula, the 35-foot pole partially fell, causing the four attached electric lines to slacken and fall across the highway in the immediate path of a Coca-Cola delivery truck driven by Randy Crum. The truck collided with the falling wires and, without Crum’s applying brakes, the truck was brought to an almost abrupt stop.
Crum claims that one of the wires was energized and was broken in the collision. Alabama Power’s employees testified that all of the lines were de-energized before the collision and that none of them was broken when struck by the truck. Crum does not claim to have been electrically burned or shocked, but claims that he suffered permanent partial disability from a “whiplash”-type injury to his neck and upper back. According to his testimony, the sudden stop of his truck caused him to be thrown forward with such force that it broke the seatbelt he was wearing at the time.
Alabama Power, claiming that it had not breached any duty it owed to Crum, contended throughout the trial that the accident in question was the direct result of an intervening, efficient, and independent cause. Alabama Power supported that contention with evidence that one of its customers, Country Club of Alabama (“Country Club”), acting pursuant to Alabama Power’s specifications, while digging an electrical conduit trench to service its sprinkler system, caused a void or cavity in the earth beneath the five-foot-deep hole from which the 35-foot pole was being removed. In keeping with this defense, Alabama Power requested, and the trial court granted, the following jury instructions:
“I charge you that to constitute actionable negligence, the causal connection between the negligence and the injury must be by a natural and unbroken sequence of events, without an intervening cause.”
“I charge you that the Plaintiff, Randy J. Crum, claims damages from the Defendant, Alabama Power Company, in this case on the theory that the Alabama Power Company was negligent and that its negligence proximately resulted in Crum’s injury. Unless you are reasonably satisfied from the evidence that the Alabama Power Company was negligent and that that negligence proximately caused an injury to Crum, you must find for the Defendant, Alabama Power Company.
“The proximate cause of an injury is that cause which, in the natural and probable sequence of events without the intervention of any new or independent *1228 cause, produces the injury, and without which such injury would not have occurred.”
“I charge you that if any injury results from an independent intervening and efficient cause which is not reasonably foreseeable, then that act or omission is the proximate cause of the injury. The law will consider only the proximate cause and not the remote cause where there is more than one cause of injury. Thus, in this case, if you find that Randy J. Crum was injured as the proximate result of the acts of another person with respect to Alabama Power Company’s power pole, and if you find that the conduct was not reasonably foreseeable to the Defendant, Alabama Power Company, then you must return a verdict for the Alabama Power Company.”
As grounds for his timely objection, Crum’s counsel pointed out that Alabama Pattern Jury Instructions, § 33.02, through the Committee Comments, recommends that no “intervening or superseding cause” charge be given.
“The charge on ‘proximate cause’ has limits included in its own definition and customary definitions of ‘intervening and superseding causes’ are not likely to be enlightening to a jury. Such definitions are usually negative in nature and suggest something that proximate cause is not and are confusing and misleading.”
APJI, § 33.02, “Notes on Use.”
The facts relating to Alabama Power’s “intervening cause” defense in this case graphically demonstrate the wisdom of APJI’s admonition. This is not to say that under all circumstances the giving of such instructions will be reversible error. But where, as here, the evidence of any intervening, independent cause leaves the jury to merely guess or speculate with respect to such a finding, the giving of an “intervening or superseding cause” charge is confusing and misleading, and thus should not be given.
Viewed in the light most favorable to Alabama Power, the evidence was to the effect that Country Club, by use of a ditch-digging machine, had dug a four-foot-deep trench from its automatic sprinkler system to the subject 35-foot pole. A plastic pipe conduit, five inches in diameter and known as PVC, was placed in the bottom of the ditch and the ditch was refilled and packed with dirt. Not only was Alabama Power aware of these facts, but its employees testified that the pole replacement was part of a total project being performed at the request of its customer.
Central to Alabama Power’s defense was the testimony of its employees as to their observations of the condition of the five-foot-deep hole in which the 35-foot pole was located. After the accident occurred, several members of the work crew examined the site of the fallen pole and testified at trial that they observed a void in the ground beneath the original five-foot depth of the hole. From this evidence, Alabama Power sought to shift the fault of the accident to Country Club’s ditch-digging operation.
But this “intervening cause” theory is without a factual foundation. The undisputed evidence shows that the ditch-digging machine used by Country Club had a maximum depth capacity of 48 inches and that the work crew observed the placement of the PVC conduit in the ditch at a level well above the bottom of the five-foot-deep hole. There was no evidence whatsoever from which the jury could have reasonably inferred that Country Club’s ditch-digging operation could possibly have been causally related to the falling of the pole that, in turn, caused the accident.
We are aware of case law to the effect that a defective jury instruction does not necessarily require a reversal where the charge, when considered as a whole, does not render the instruction misleading or confusing. Alabama Power Co. v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975). Although the charge as a whole does include a correct “proximate cause” instruction with respect to Alabama Power’s liability, we hold that the twice-repeated “intervening and superseding” charge given in this case, particularly in light of the central *1229 thrust of Alabama Power’s defense, was reversible error.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.