UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41232
_____

TEXAS CARPENTERS HEALTH BENEFIT FUND,
and the INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS-NATIONAL ELECTRICAL
CONTRACTORS ASSOCIATION SOUTHWESTERN
HEALTH AND BENEFIT FUND, and the NORTH
TEXAS LABORERS' HEALTH AND WELFARE FUND,
on behalf of themselves and on behalf of
all others similarly situated,

                              Plaintiffs-Appellants,

                    versus

PHILIP MORRIS INCORPORATED; RJ REYNOLDS
TOBACCO COMPANY; BROWN & WILLIAMSON
TOBACCO CORPORATION; BAT INDUSTRIES PLC;
LORILLARD TOBACCO COMPANY; LIGGETT GROUP
INC; THE AMERICAN TOBACCO CO; UNITED STATES
TOBACCO COMPANY; SMOKELESS TOBACCO COUNCIL INC;
THE TOBACCO INSTITUTE INC; and HILL & KNOWLTON INC.

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Eastern District of Texas
_____
January 19, 2000

Before DAVIS, JONES, and MAGILL[*], Circuit Judges.

EDITH H. JONES, Circuit Judge:

          This is an appeal from a case filed by union trust funds,

which provide comprehensive health care benefits to employees,

retirees and their dependents through welfare benefit plans,

_____

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

against tobacco companies and their lobbying and public relations agents. The case sought recovery against the defendants for costs incurred treating tobacco-related afflictions based upon federal antitrust and RICO causes of action and various pendent state law claims. A bevy of similar complaints have been filed around the nation, and so far, the federal circuit courts have uniformly upheld dismissal of the funds' cases. Agreeing with the essential holdings of the circuit court opinions, we have no need to write further and affirm the district court's dismissal of this case for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Four circuit courts have rejected the funds' federal claims, concluding primarily that the loss suffered by insurers is too remote from the manufacture and sale of cigarettes to justify direct recovery by the funds for any alleged antitrust or RICO violations. See International Brotherhood of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris Inc., ___ F.3d ___, 1999 WL 1034711 (7th Cir. 1999); Laborers Local 17 Health & Benefit Fund v. Philip Morris Inc., 191, F.3d 229, 224 (2nd Cir. 1999); Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris Inc., 185 F.3d 957, 967 (9th Cir. 1999); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris Inc., 171 F.3d 912, 918 (3rd Cir. 1999). Comprehensive discussions of the issues in those cases persuade us that their conclusions are correct and that the funds' lawsuits constitute an illegitimate end-run around principles of subrogation.

As for the state common law and statutory claims asserted by the funds, their initial appellate brief does not directly address the court's dismissal of any of those claims. One paragraph in appellants' reply brief directs us to their briefing in the district court. Because appellants did not choose to brief or even refer to the dismissal of these claims timely or adequately on appeal, their challenge is waived. See <u>Whitehead v. Food Max of Miss. Inc.</u>, 163 F.3d 265, 270 (5th Cir. 1998).

The judgment of the district court dismissing the complaint is <u>AFFIRMED</u>.