PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 22, 2000
THOMAS K. KAHN
CLERK

-------------------------------------------
No. 99-13476
-------------------------------------------
D. C. Docket No. 97-03351-CV-P-W

UNITED FOOD AND COMMERCIAL WORKERS UNIONS,
EMPLOYERS HEALTH AND WELFARE FUND, individually
and on behalf of all United Food and Commercial
Workers Union Health and Welfare Funds,

                                        Plaintiffs-Appellants,

        versus

PHILIP MORRIS, INC.,
R J REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON TOBACCO CORPORATION,
B.A.T. INDUSTRIES P.L.C.,
LORILLARD TOBACCO COMPANY, INC.,
ET AL,

                                        Defendants-Appellees.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
-------------------------------------------------------------------
**(August 22, 2000)**

Before EDMONDSON and BIRCH, Circuit Judges, and SHAPIRO[*], District Judge.

EDMONDSON, Circuit Judge:

Plaintiff, the United Food and Commercial Workers Unions and Employers Health and Welfare Fund, is an employee health and welfare benefit plan organized under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Defendants are eight manufacturers of tobacco products, three tobacco industry trade groups, one public relations firm associated with the tobacco industry, three distributors of tobacco products, and several individuals involved in the tobacco industry. Plaintiff brought suit – under Alabama law – against Defendants, seeking to recover certain costs allegedly incurred by Plaintiff due to tobacco-related illnesses.[1] The district court dismissed Plaintiff's complaint, and Plaintiff appeals. We affirm.

---

[*] Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1] Plaintiff originally brought suit in an Alabama state court. Defendants removed the suit to federal district court pursuant to 28 U.S.C. § 1441.

I.

According to Plaintiff's complaint,[2] Defendants for more than forty years have conspired to conceal from the public the medical risks and addictive nature of tobacco products. Plaintiff alleges that Defendants have conducted an advertising campaign specifically designed to mislead and misinform the public about the health consequences of tobacco use. And, Plaintiff claims that Defendants actively have concealed scientific research documenting the health risks of tobacco use and the addictiveness of tobacco. Plaintiff asserts that, as a result of Defendants' acts, many participants in Plaintiff's health care plan became afflicted with tobacco-related illnesses and that some died from such illnesses. Plaintiff, consequently, incurred substantial losses (1) because of Plaintiff's obligation to provide medical treatment to plan participants afflicted with tobacco-related illnesses and (2) because of reduced contributions from plan participants afflicted with such illnesses. Plaintiff's complaint seeks monetary damages for those losses.

Plaintiff's complaint set out claims – under Alabama law – for antitrust violations, fraud, conspiracy, breach of assumed duty, and unjust enrichment.

---

[2] For the purposes of this appeal, we must accept the truth of Plaintiff's factual allegations. See Blackston v. State of Ala., 30 F.3d 117, 120 (11th Cir. 1994).

3

Defendants moved the district court to dismiss Plaintiff's complaint for failure to state a claim. In the light of Defendants' motion to dismiss, Plaintiff abandoned the antitrust and unjust enrichment claims; Plaintiff, however, argued that the claims for fraud, conspiracy, and breach of assumed duty stated claims under Alabama law. Plaintiff also sought leave to amend the complaint to add a claim for intentional interference with contract.

The district court denied Plaintiff leave to amend the complaint, granted Defendants' motion to dismiss, and dismissed the complaint. About the motion for leave to amend, the district court concluded that amendment would be futile because Plaintiff's proffered intentional interference claim failed to state a claim. And, about the motion to dismiss, the district court concluded that Plaintiff's complaint failed to state a claim because, as a matter of law, the alleged fraud, conspiracy, and breach of assumed duty were not the proximate cause of Plaintiff's alleged injuries. Plaintiff appeals the district court's dismissal of Plaintiff's conspiracy and breach of assumed duty claims and the district court's denial of Plaintiff's motion for leave to amend.[3]

---

[3] Plaintiff has not appealed the district court's dismissal of the fraud claim.

II.

Plaintiff contends on appeal that the claims in the complaint and in Plaintiff's proffered amended complaint – for conspiracy, breach of assumed duty, and intentional interference – state claims under Alabama law. Defendants respond that all of Plaintiff's claims, as a matter of law, are barred by the doctrine of proximate cause. We agree with Defendants and conclude that Plaintiff's claims fail to state a claim under Alabama law.[4]

A well-established principle of Alabama law is that, to recover in tort, a plaintiff must establish that the defendant's misconduct was the "proximate cause" – and not just the "remote cause" – of the plaintiff's injuries. See Crum v. Alabama Power Co., 542 So.2d 1226, 1228 (Ala. 1989) ("The law will consider only the proximate cause and not the remote cause . . . ."); see also American Surety Co. v. First Nat. Bank of Montgomery, 82 So. 429, 430 (Ala. 1919) (same). The Alabama Supreme Court has explained:

> The law cannot undertake to trace back the chain of causes indefinitely, for it is obvious that this would lead to inquiries far beyond human power and wisdom – in fact, infinite in their scope. It therefore stops at the first link in the chain of causation, and looks only to the person who

---

[4] We review the district court's determination that Plaintiff's claims fail to state a claim de novo. See Lowell v. American Cyanamid Co., 177 F.3d 1228, 1229 (11th Cir. 1999).

is the proximate cause of the injury. The general rule is that the damage to be recovered must be the natural and proximate consequence of the act complained of. "It is not enough if it be the natural consequence; it must be both natural and proximate."

Birmingham Ry., Light & Power Co. v. Ely, 62 So. 816, 819 (Ala. 1913) (citations omitted). In this respect, Alabama law is consistent with the usual common law rule of proximate cause. See, e.g., Department of Transp. v. Anglin, 502 So.2d 896, 898-99 (Fla. 1987) (discussing common law principles of proximate cause); Atlanta Gas Light Co. v. Gresham, 394 S.E.2d 345, 346-47 (Ga. 1990) (same).

We conclude that, under Alabama's law of proximate cause, Plaintiff's claims must fail. In City of Birmingham v. Crow, 101 So.2d 264 (Ala. 1958), the Alabama Supreme Court rejected a claim similar to those asserted by Plaintiff. There, the defendant negligently injured a municipal police officer. The plaintiff-city paid the officer's medical expenses and then sued the defendant to recover the city's costs. The court concluded that the city had no direct cause of action against the defendant for the city's provision of health care to the injured officer. Id. at 265. We think that Crow points to the rejection of Plaintiff's claims in this case.[5]

---

[5] In two other cases decided the same day as Crow, the Alabama Supreme Court made clear that – absent subrogation – a health-care provider has no cause of action against a defendant who injures the health-care provider's ward, causing the health-care provider to incur increased expenses. See City of Birmingham v. Trammell, 101 So.2d 259, 261 (Ala. 1958) (affirming denial of city's motion to intervene as plaintiff in suit against tortfeasor); City of Birmingham v. Walker, 101 So.2d 250, 258-59 (Ala. 1958) (same). In this case, Plaintiff expressly disavows any right of subrogation.

6

Our conclusion – that Plaintiff's claims must fail as a matter of law – is confirmed by an examination of general common law principles. The usual common law rule is that a health-care provider has no direct cause of action in tort against one who injures the provider's beneficiary, imposing increased costs upon the provider. See, e.g., Anthony v. Slaid, 52 Mass. 290, 290-91 (Mass. 1846) (concluding that "damage is too remote and indirect" where plaintiff – who had contracted to provide health care for town's paupers – sued defendant for assaulting pauper and putting plaintiff "to increased expense for his care and support").[6]

And, in the specific context of suits brought against tobacco companies by union health-care funds, our sister circuits uniformly have rejected virtually identical claims on proximate cause grounds. See, e.g., Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229 (2d Cir. 1999) (dismissing RICO, fraud, and breach of assumed duty claims); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912 (3d Cir. 1999) (dismissing RICO and fraud claims); Texas Carpenters Health Benefit Fund v. Philip Morris, Inc., 199 F.3d 788 (5th Cir. 2000) (dismissing RICO and antitrust claims); International Brotherhood of Teamsters, Local 734 Health & Welfare Fund v. Philip Morris, Inc., 196 F.3d 818 (7th

---

[6] The Alabama Supreme Court has cited Anthony with approval. See Comm'rs' Court of Butler County v. McCann, 23 Ala. 599 (Ala. 1853) (finding Anthony "quite persuasive").

Cir. 1999) (dismissing RICO, antitrust, and various state law claims); <u>Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.</u>, 185 F.3d 957 (9th Cir. 1999) (dismissing RICO, antitrust, unfair trade practices, fraud, conspiracy, and breach of assumed duty claims).[7]

Plaintiff argues, however, that Alabama law does permit Plaintiff's claims because Plaintiff alleges intentional torts and because the requirements of proximate cause are relaxed for intentional torts under Alabama law. We admit that <u>Crow</u> did not involve an intentional tort. <u>See</u> <u>Crow</u>, 101 So.2d at 264 (noting that plaintiff alleged negligence on part of defendant). And, we recognize that the requirements of proximate cause are relaxed – to some degree – in intentional tort cases under Alabama law. <u>See</u> <u>Rodopoulos v. Sam Piki Enter., Inc.</u>, 570 So.2d 661, 666 (Ala. 1990). But, this relaxation does not appear peculiar to Alabama law; the usual common law rule seems to be that the strictures of proximate cause are applied more loosely in intentional tort cases. <u>See</u> Prosser & Keeton on the Law of Torts § 8, at 37 n.27 (5th ed. 1984). Nonetheless, the usual common law rule still forbids claims like

---

[7] We recognize that the cases cited involve – in addition to state common law claims – federal RICO and antitrust claims. Nonetheless, we find these cases instructive. The alleged conduct underlying the RICO and antitrust claims in those cases is like the alleged conduct underlying Plaintiff's claims under Alabama law in this case. And, the principles of proximate cause in federal RICO and antitrust cases are borrowed largely from the general common law of proximate cause. <u>See</u> <u>Holmes v. Securities Investor Protection Corp.</u>, 112 S. Ct. 1311, 1318 (1992).

Plaintiff's, even where those claims are premised upon intentional torts. See, e.g., Anthony, 52 Mass. at 290-91 (finding no proximate cause as matter of law in assault – an intentional tort – case). We see no strong reason to reach a different result under Alabama law.[8]

III.

Plaintiff's claims, as a matter of Alabama law, must fail in the light of the principles of proximate cause. The district court, therefore, did not err in dismissing Plaintiff's complaint and in denying Plaintiff leave to amend the complaint. The judgment of the district court is AFFIRMED.

---

[8] Plaintiff also argues that this case is different because, here, Plaintiff sought to allege a claim for intentional interference with contract. We do not find Plaintiff's distinction compelling. We recognize that, when Crow was decided, the Alabama Supreme Court had not recognized generally a tort of intentional interference with contract. But, we cannot conclude that the Alabama Supreme Court, in adopting a tort of intentional interference, see Gross v. Lowder Realty Better Homes and Gardens, 494 So.2d 590, 597 (Ala. 1986) (adopting tort of intentional interference), intended to overturn sub silentio Crow and Crow's companion cases. So, we must give effect to the Alabama Supreme Court's holding in Crow. And, as we already have explained, that holding leads to the rejection of Plaintiff's claims in this case.