IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41198
Summary Calendar
_____

THE ALABAMA COUSHATTA TRIBE OF TEXAS,

Plaintiff-Appellant,

versus

THE AMERICAN TOBACCO COMPANY; R.J. REYNOLDS TOBACCO COMPANY; BROWN
& WILLIAMSON TOBACCO CORPORATION; B.A.T. INDUSTRIES PLC; PHILIP
MORRIS INCORPORATED; LIGGETT GROUP INC.; LORILLARD TOBACCO COMPANY
INC.; UNITED STATES TOBACCO COMPANY; HILL & KNOWLTON INC.; THE
COUNCIL FOR TOBACCO RESEARCH USA INC.; Successor to the Tobacco
Institute Research Committee; THE TOBACCO INSTITUTE INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-596
--------------------
July 15, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Alabama Coushatta Tribe of Texas ("the Tribe") appeals the

dismissal of its complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).  It argues that its sovereign status and the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

fact that the injuries were alleged to have been suffered by the Tribe itself, apart from its members, refute the district court's determination that the Tribe could not establish the requisite proximate cause because it had suffered no direct injury.

We review the district court's ruling *de novo*. *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000), *cert. denied*, 532 U.S. 1052 (2001). After fully reviewing the parties' briefs, the applicable law, and the record, we find that the Tribe's sovereign status and their "direct injury" argument do not make this case distinguishable from our decision in *Texas Carpenters Health Benefit Fund v. Philip Morris, Inc.*, 199 F.3d 788 (5th Cir. 2000). *See Service Employees International Union Health and Welfare Fund v. Philip Morris Inc.*, 249 F.3d 1068, 1073 (D.C. Cir.), *cert. denied*, 122 S. Ct. 463 (2001)(foreign government's status as a sovereign does not eliminate or adequately substitute for proximate cause requirement); *Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 239 (2nd Cir. 1999), *cert. denied*, 120 S. Ct. 799 (2000)(labor union funds' contention that they suffered direct injury because of "infrastructure harm" did not change fact that the alleged injury was entirely derivative of the harm suffered by the plan participants as a result of using tobacco products). Therefore, we AFFIRM for essentially the same reasons stated by the district court in its August 30, 2001 order.

AFFIRMED.