827 So.2d 339 (2002)
The REPUBLIC OF VENEZUELA, by and through its Attorney General, Juan Nepomuceno GARRIDO, Appellant,
v.
PHILIP MORRIS COMPANIES, INC.; Philip Morris Incorporated; R.J. Reynolds Tobacco Co.; Brown & Williamson Tobacco Corp.(individually and as successor by merger to the American Tobacco Company); Batus Holdings, Inc.; Lorillard Tobacco Co.; Loews Corp.; The Council for Tobacco ResearchU.S.A., Inc.; The Tobacco Institute, Inc.; Liggett Group, Inc.; Liggett & Meyers, Inc.; and Brooke Group Holdings Inc. S/h/a Brooke Group Ltd., Appellees.
No. 3D01-3568.
District Court of Appeal of Florida, Third District.
September 30, 2002.
*340 Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel S. Perwin, and Steven C. Marks, Miami, for appellants.
Boies, Schiller & Flexner, and Stephen N. Zack, Fort Lauderdale; Goodwin Procter, and Kenneth J. Parsigian, and David R. Zipps (Boston, Massachusetts); Shook, Hardy & Bacon, and Norman A. Coll, and Andrew A. Seenath (Miami), for appellee, Philip Morris Incorporated and Philip Morris Companies, Inc.
Jones, Day, Reavis & Pogue, and Robert F. McDermott, Jr., and Paul S. Ryerson (Washington, D.C.); Carlton Fields, and Benjamine Reid, and Douglas J. Chumbley (Miami), for appellee R.J. Reynolds Tobacco Company.
Kirkland & Ellis, and Kenneth N. Bass (Washington, D.C.); Adorno & Zeder, and Anthony N. Upshaw (Miami), for appellees, Brown & Williamson Tobacco Corporation and Batus Holdings, Inc.
Shook, Hardy & Bacon, and Gene E. Voigts, and Richard L. Gray (Kansas City, Missouri); Greenberg Traurig, and David L. Ross (Miami), for appellees, Lorillard, Inc., Lorillard Tobacco Company, and Loews Corp.;
Debevoise & Plimpton, and Steven Klugman, and Steen S. Michaels (New York) for appellee, The Council for Tobacco ResearchU.S.A., Inc.
Clarke, Silverglate, Campbell Williams & Montgomery, and Kelly Anne Luther, for appellees, Liggett & Meyers, Inc. and Brooke Group Holding, Inc.
Before SCHWARTZ, C.J., and GERSTEN, and SORONDO, JJ.
PER CURIAM.
The Republic of Venezuela ("Venezuela") appeals an adverse order dismissing its complaint against the major U.S. and British tobacco companies, including the appellants, Philip Morris Companies, Inc., et. al. (hereafter collectively referred to as "defendants"). The complaint sought damages to recover costs incurred as a result of paying for the health care needs of its citizens who smoke. We affirm the order of dismissal.
Venezuela's claims against the defendants alleged the defendants made specific direct misrepresentations to the government for the purpose of increasing tobacco consumption, which resulted in Venezuela suffering direct out-of-pocket tobacco-related health-care costs and suffering productivity losses. The cases were removed *341 to federal court and consolidated in a multidistrict ("MDL") proceeding, along with similar suits filed by other foreign governments. The MDL court dismissed the cases. This case and others were remanded by the district court to Florida based upon the district court's finding that federal jurisdiction did not exist.
In the Miami-Dade circuit court, the defendants all filed or joined in motions for judgment on the pleadings. The Miami Dade circuit court dismissed Venezuela's case finding the alleged injuries were too remote and indirect, and that damages were too speculative to be recovered independent of the physically injured parties. We agree.
Case precedent and settled common-law principles establish that one who pays for the medical expenses of another, may not bring a direct, independent action to recover those expenses from the alleged tortfeasor. See United Food & Commercial Workers Unions, Employers Health and Welfare Fund v. Philip Morris, Inc., 223 F.3d 1271 (11th Cir.2000); Lyons v. Philip Morris, Inc., 225 F.3d 909 (8th Cir.2000); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429 (3rd Cir.2000); Texas Carpenters Health Benefit Fund v. Philip Morris, Inc., 199 F.3d 788 (5th Cir.2000); Oregon Laborers Employers Health & Welfare Trust Fund v. Philip Morris, Inc., 185 F.3d 957 (9th Cir.1999), cert. denied, 528 U.S. 1075, 120 S.Ct. 789, 145 L.Ed.2d 666 (2000); International Broth. of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris, Inc., 196 F.3d 818 (7th Cir.1999); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912 (3rd Cir.1999), cert. denied, 528 U.S. 1105, 120 S.Ct. 844, 145 L.Ed.2d 713 (2000).
Rather, a third-party payor is limited to pursuing subrogation remedies and does not have an independent claim against alleged tortfeasors. See Great American Ins. Co. v. United States, 575 F.2d 1031 (2nd Cir.1978); Allstate Ins. Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983); Holyoke Mut. Ins. Co. in Salem v. Concrete Equip., Inc., 394 So.2d 193 (Fla. 3d DCA), rev. denied, 402 So.2d 609 (Fla.1981).
Simply, the government of Venezuela does not have a direct independent cause of action against the tobacco companies to recover for smoking-related medical expenses incurred by its citizens. See Service Employees Int'l Union Health and Welfare Fund v. Philip Morris Inc., 249 F.3d 1068 (D.C.Cir.2001), cert. denied, Republic of Guatemala v. Tobacco Institute, Inc., ___ U.S. ___, 122 S.Ct. 463, 151 L.Ed.2d 380 (2001); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d at 912. We add parenthetically, that is inappropriate for Venezuela to attempt to turn Miami Dade County into the "courthouse for the world," Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), especially with regard to claims that have been uniformly rejected by other courts throughout the country.
Accordingly, we find the trial court properly concluded the government's claims were "too remote, indirect, and derivative to survive," and affirm the order below in all respects.
Affirmed.