RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0105P (6th Cir.)
File Name: 03a0105p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GREGORY BENNETT PERRY
and STEVE LLOYD CHAMPION,
on behalf of themselves and
all others similarly situated in
the State of Tennessee,
  *Plaintiffs-Appellants,*

  *v.*

THE AMERICAN TOBACCO
COMPANY, INC.; BROWN &
WILLIAMSON TOBACCO
CORPORATION; LORILLARD
TOBACCO COMPANY, INC.;
PHILIP MORRIS USA INC.; R.J.
REYNOLDS TOBACCO
COMPANY; BAT INDUSTRIES
PLC; HILL & KNOWLTON,
INC.; THE COUNCIL FOR
TOBACCO RESEARCH-U.S.A.,
INC.; TOBACCO INSTITUTE,
INC.; U.S. SMOKELESS
TOBACCO COMPANY,
formerly known as United
States Tobacco Company,
  *Defendants-Appellees.*

No. 01-5715

Appeal from the United States District Court
for the Eastern District of Tennessee at Winchester.
No. 00-00097—James H. Jarvis, District Judge.

Argued: February 5, 2003

Decided and Filed: April 8, 2003

Before: SILER, DAUGHTREY, and COLE, Circuit
Judges.

_____

## COUNSEL

**ARGUED:** Gordon Ball, Knoxville, Tennessee, for
Appellant. Murray R. Garnick, ARNOLD & PORTER,
Washington, D.C., for Appellee. **ON BRIEF:** Gordon Ball,
Knoxville, Tennessee, for Appellant. Murray R. Garnick,
ARNOLD & PORTER, Washington, D.C., Robert G.
McDowell, BAKER, DONELSON, BEARMAN &
CALDWELL, Nashville, Tennessee, John A. Lucas,
HUNTON & WILLIAMS, Knoxville, Tennessee, David S.
Eggert, Heather A. Pigman, ARNOLD & PORTER,
Washington, D.C., Marcia M. Eason, MILLER & MARTIN,
Chattanooga, Tennessee, Thomas H. Peebles III, MILLER &
MARTIN, Nashville, Tennessee, William S. Lockett, Jr.,
Rebecca B. Murray, KENNERLY, MONTGOMERY &
FINLEY, Knoxville, Tennessee, William E. Godbold III,
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN,
Chattanooga, Tennessee, Barry Goheen, KING &
SPALDING, Atlanta, Georgia, John W. Wheeler, HODGES,
DOUGHTY & CARSON, Knoxville, Tennessee, Jerome R.
Doak, JONES DAY REAVIS & POGUE, Dallas, Texas, for
Appellee.

## OPINION

R. GUY COLE, JR., Circuit Judge.  Plaintiffs, Gregory Perry and Steve Champion, are citizens of Coffee County, Tennessee, who are individual subscribers of Blue Cross/Blue Shield health insurance ("BCBS").  They seek to represent the putative class of subscribers of BCBS in the State of Tennessee, who they allege have paid increased insurance premiums due to the presence of smokers in the insurance pool, in this suit against various tobacco companies and organizations.  Specifically, the subscribers pay premiums to BCBS, a third-party payor, which uses the premiums to pay for medical care, including the costs of treating smoking-related illnesses.  Plaintiffs contend that the smoking-related illnesses were caused by the conduct of the defendant tobacco manufacturers and trade organizations ("Defendants").[1] Plaintiffs brought the current action in the Eastern District of Tennessee, asserting causes of action against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* (2000); the Tennessee Consumer Protection Act of 1977, TENN. CODE ANN. § 47-18-101, *et seq.* (2001) ("TCPA"); and the Tennessee Trade Practices Act, TENN. CODE ANN. § 47-25-101, *et seq.* (2001) ("TTPA"); and asserting state law claims for breach of special duty, conspiracy, negligence, fraudulent concealment and unjust enrichment/restitution.

Defendants sought dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court granted Defendants' motion after determining

---

[1] Defendants are The American Tobacco Company, Inc; Brown & Williamson Tobacco Corporation; Lorillard Tobacco Company; Philip Morris USA Inc.; R.J. Reynolds Tobacco Company; B.A.T. Industries p.l.c.; Hill & Knowlton, Inc.; The Council for Tobacco Research-U.S.A., Inc.; The Tobacco Institute, Inc.; and U.S. Smokeless Tobacco Company, formerly United States Tobacco Company.

that proximate causation was a threshold issue with respect to all of Plaintiffs' claims, and that Plaintiffs had failed to demonstrate proximate causation because their alleged injury was too remote.  Plaintiffs now appeal the district court's dismissal of their claims.  Because we agree with the district court that Plaintiffs' claimed injuries were not proximately caused by Defendants' conduct, we **AFFIRM** the district's court dismissal of their claims.

The district court's grant of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a question of law subject to *de novo* review.  *See Pfennig v. Household Credit Serv., Inc.*, 295 F.3d 522, 525 (6th Cir. 2002).  We must review the complaint in the light most favorable to Plaintiffs, accept their factual allegations as true, and determine whether Plaintiffs "undoubtedly can prove no set of facts in support of [their] claims that would entitle [them] to relief." *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).  We need not accept as true "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

In order to have standing to bring suit under RICO, a plaintiff must demonstrate proximate cause between the alleged injury and the defendant's injurious conduct.  *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 889 (6th Cir. 2000).  The Supreme Court has explained that common law principles of proximate causation are incorporated into the RICO statute. *Holmes*, 503 U.S. at 267-68; *see also Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 532-33 (1983) (general common law principles of proximate cause are incorporated into federal antitrust provisions).  A central element of proximate cause is the requirement of a direct injury.  *Holmes*, 503 U.S. at 269; *Associated Gen. Contractors*, 459 U.S. at 532-33 & n.25.  At common law, "a plaintiff who complained of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts was generally said to stand at too remote a distance to

recover." *Holmes*, 503 U.S. at 268-69; *see also Pik-Coal Co.*, 200 F.3d at 889.

The district court dismissed Plaintiffs' claims because they failed to satisfy this proximate cause requirement. According to the district court, because Plaintiffs' injuries "are purely contingent on harm to the third-party smokers, these injuries are clearly indirect." *Perry v. Amer. Tobacco Co., Inc.,* No. 00-CV-97, 2001 WL 686812, *3 (E.D. Tenn. April 12, 2001). In other words, the alleged injuries were too remote to afford standing under any of the asserted causes of action. We agree.

While this is an issue of first impression before this Court, eight other federal circuit courts of appeals have addressed similar cost-recovery claims against the tobacco industry, by which plaintiffs have sought to recover the increased costs of health-related expenses due to smoking. These courts uniformly have concluded that such claims must fail because the alleged injuries are too remote. *See Serv. Employees Int'l Union Health & Welfare Fund v. Philip Morris Inc.*, 249 F.3d 1068 (D.C. Cir.), *cert. denied*, 122 S. Ct. 463 (2001); *United Food & Commercial Workers Unions, Employers Health & Welfare Fund v. Philip Morris Inc.*, 223 F.3d 1271 (11th Cir. 2000); *Tx. Carpenters Health Benefit Fund v. Philip Morris Inc.*, 199 F.3d 788 (5th Cir. 2000); *Lyons v. Philip Morris Inc.*, 225 F.3d 909 (8th Cir. 2000); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris Inc.*, 171 F.3d 912 (3d Cir. 1999); *Int'l Bhd. of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris Inc.*, 196 F.3d 818 (7th Cir. 1999); *Or. Laborers-Employers Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957 (9th Cir. 1999); *Laborers Local 17 Health & Benefit Fund v. Philip Morris Inc.*, 191 F.3d 229 (2d Cir. 1999). These decisions have recognized that the plaintiffs' claims are inherently contingent on injury to third-party smokers. *See, e.g., Laborers Local*, 191 F.3d at 239 (finding trust funds' damages entirely derivative of the harm to smokers, and noting that because they were "purely contingent on harm to third parties, these injuries are indirect"); *see also Serv. Employees*, 249 F.3d at

1076 (finding dismissal proper because the plaintiffs' claims were "too remote, contingent, derivative, and indirect to survive") (citations omitted).

Urging this Court to "become the first federal circuit to properly analyze the issue of proximate causation in the context of tobacco litigation," Plaintiffs now ask us to reverse the district court's decision and to reject the reasoning of our sister circuits. We decline to do so. We agree with the essential holdings of the other circuits and, given the comprehensive discussion of the issues by those courts, we find it unnecessary to provide in-depth discussion of the remoteness issue once again.

We note, however, that the relationship between Plaintiffs' alleged injuries and Defendants' alleged misconduct is even more removed than in other cost-recovery cases brought against tobacco companies. In previous cases, the plaintiffs had actually paid for the medical services at issue. For example, the plaintiffs were union health funds and other third-party payors of health care services, *see, e.g.*, *Laborers Local*, 191 F.3d 229, or were hospitals seeking to recover the costs of health care provided to non-paying patients, *see, e.g.*, *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429 (3d Cir. 2000). In this case, Plaintiffs are subscribers to a third-party payor who allege that BCBS has passed along to them at least some of the increased costs of treating smoking-related injuries in the form of higher insurance premiums. Plaintiffs' claims, therefore, not only are contingent on harm to a third party, but also on BCBS's increasing their premium amounts due to smoking-related medical costs. As the district court properly recognized, Plaintiffs do not have standing to bring this action.

We reject Plaintiffs' claim that standing to bring a RICO claim is not always limited to parties who are directly injured. Plaintiffs argue that the district court failed to consider *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994), in which the Supreme Court held that abortion clinics had standing to bring a RICO claim. *Scheidler* is

inapposite, however, since the Supreme Court did not address the direct injury requirement that is at issue in the present case. 510 U.S. at 255-56, 262; *see also Ass'n of Wash. Public Hosp. Dists. v. Philip Morris Inc.*, 241 F.3d 696, 704 n.4 (9th Cir. 2001) (noting that *Scheidler* concerns constitutional, rather than RICO or antitrust, standing).

We also reject Plaintiffs' argument that the district court erred in failing to conduct a claim-specific inquiry into whether Plaintiffs' claims were too remote. Because the *Holmes* Court emphasized that the RICO statute incorporates general common law principles of proximate causation, 503 U.S. at 267, remoteness principles are not limited to cases involving the RICO statute. *See Serv. Employees*, 249 F.3d at 1076 n.6 ("The failure of the [plaintiffs] to demonstrate proximate cause under *Holmes* with respect to their RICO and federal antitrust claims also means that their antitrust and common law claims under District of Columbia law fail for lack of proximate cause."); *Steamfitters Local Union No. 420*, 171 F.3d at 934 ("The same principles that lead us to conclude that plaintiffs' antitrust and RICO claims were properly dismissed lead to the inevitable conclusion that their state law claims must also fail."); *see also United Food & Commercial Workers*, 223 F.3d at 1274 n.7 (addressing only state law claims, the Eleventh Circuit found other cases instructive and noted that "the principles of proximate cause in federal RICO and antitrust cases are borrowed largely from the general common law of proximate cause").

In any event, a claim-by-claim analysis would still result in the dismissal of Plaintiffs' claims. First, Plaintiffs argue that a less restrictive standard applies because this case involves intentional misconduct. We disagree. The claims in *Holmes* were based on intentional misconduct–fraud–and the Supreme Court nonetheless concluded they were too remote to state a cause of action. *Holmes*, 503 U.S. at 271; *see also Associated Gen. Contractors*, 459 U.S. at 537 (noting that "an allegation of improper motive . . . is not a panacea that will enable any complaint to withstand a motion to dismiss"). Other circuits have similarly rejected the argument that the intentional

nature of plaintiffs' claims alters the remoteness inquiry. *See Serv. Employees*, 249 F.3d at 1076 (noting that "specific intent to harm the plaintiffs by shifting smoking-related health care costs to them is alone insufficient to overcome the bar on remote claims"); *Allegheny Gen. Hosp.*, 228 F.3d at 441 (noting that "specific intent to harm does not magically create standing or cause . . . injuries to be direct"); *Laborers Local*, 191 F.3d at 242 (noting that an allegation of specific intent does not overcome direct injury requirement); *see also Steamfitters Local Union No. 614 Health & Welfare Fund v. Philip Morris, Inc.* ("*Tennessee Steamfitters*"), No. W1999-01061-COA-R9-CV, 2000 WL 1390171, at *6 (Tenn. Ct. App. 2000) (unpublished).

Nor do we accept Plaintiffs' argument that the analysis differs under a negligence standard. Plaintiffs' argument rests on the assertion that, to state a negligence claim, it is sufficient to establish proximate cause by showing that the harm is foreseeable. Though foreseeability is an element of the proximate cause analysis, it is distinct from the requirement of a direct injury. *See Holmes*, 503 U.S. at 268-69 (noting that directness of relationship is not the sole element of proximate cause); *Laborers Local*, 191 F.3d at 235-36 (noting that "other traditional rules requiring that defendant's acts were a substantial cause of the injury, and that plaintiff's injury was reasonably foreseeable, are *additional elements*, not substitutes for alleging (and ultimately, showing) a direct injury"); *Tennessee Steamfitters*, 2000 WL 1390171, at *4 n.2 ("The plaintiff's damages may be foreseeable, yet still 'too remote to permit recovery.'"). Plaintiffs cannot show that they have been proximately injured by Defendants' conduct.

The same proximate cause standard governs Plaintiffs' statutory claims under the TCPA and the TTPA. The Tennessee Court of Appeals, in *Tennessee Steamfitters*, addressed cost-recovery claims against tobacco companies and concluded that the plaintiffs' injuries were too remote and the claims failed for lack of proximate cause. 2000 WL 1390171, at *7. The court affirmed the trial court's dismissal

of the plaintiffs' antitrust claims under the TTPA.  The trial court had denied the motion to dismiss with respect to the TCPA claims, however, and the Tennessee Court of Appeals reversed.  According to the court, "in order to assert a claim under the TCPA in this case, the [plaintiffs] must show that the Tobacco Companies' wrongful conduct proximately caused their injury." *Id.* The court held that they had failed to do so, and that the plaintiffs' claims were "too remote, as a matter of law." *Id.*

Finally, dismissal is appropriate as to Plaintiffs' claim that, by bearing a portion of the increased health expenses resulting from Defendants' conduct, Plaintiffs are unjustly enriching Defendants for costs that Defendants should be forced to bear. We agree with the other circuit courts that have reasoned that such unjust enrichment claims should be dismissed on remoteness grounds. *See, e.g.*, *Serv. Employees*, 249 F.3d at 1076 n.6; *Steamfitters Local Union No. 420*, 171 F.3d at 937 ("We can find no justification for permitting plaintiffs to proceed on their unjust enrichment claim once we have determined that the District Court properly dismissed the traditional tort claims because of the remoteness of plaintiffs' injuries from defendants' wrongdoing.").  Moreover, Plaintiffs' unjust enrichment claim fails because Plaintiffs have not enriched Defendants.  Under Tennessee law, to establish an unjust enrichment claim, a plaintiff must have conferred a benefit upon the defendant.  *See Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966).  Plaintiffs have not "enriched" Defendants because Defendants have no legal duty to smokers to pay their medical costs.  Thus, the payment of such medical costs by a third party has not enriched Defendants.  *See Or. Laborers*, 185 F.3d at 968.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Plaintiffs' complaint.